# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: DOLLESIN, LIMWELL QUITO | § Case No. 12-32762 |
| DOLLESIN, JOVITA LUISTRO | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 10, 2012. The undersigned trustee was appointed on July 10, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $          17,672.00

| | |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 135.44 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 17,536.56 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 12/26/2012 and the deadline for filing governmental claims was 01/06/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,517.20. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,517.20, for a total compensation of $2,517.20.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $75.00, for total expenses of $75.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/04/2013         By: /s/John Bell
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-32762  
**Case Name:** DOLLESIN, LIMWELL QUITO  
DOLLESIN, JOVITA LUISTRO  
**Period Ending:** 03/04/13

**Trustee:** (001160) John Bell  
**Filed (f) or Converted (c):** 07/10/12 (f)  
**§341(a) Meeting Date:** 08/15/12  
**Claims Bar Date:** 12/26/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1 | 21 Spinel Circle Sacramento, CA 95834 | 336,000.00 | 0.00 | OA | 0.00 | FA |
| 2 | 1741 Alicante Drive Roseville, CA 95747 | 465,000.00 | 0.00 | OA | 0.00 | FA |
| 3 | 655 Shoreline Pointe El Dorado Hills, CA 95762 | 760,000.00 | 0.00 | OA | 0.00 | FA |
| 4 | 618 Rogers Circle Folsom, CA 95630 | 590,000.00 | 0.00 | OA | 0.00 | FA |
| 5 | 103 Demurrage Way Folsom, CA 95630 | 343,000.00 | 0.00 | OA | 0.00 | FA |
| 6 | 4608 Granada Way Union City, CA 94587 | 216,000.00 | 0.00 | OA | 0.00 | FA |
| 7 | 2129 Cermak Way Elk Grove, CA 95758 | 250,000.00 | 0.00 | OA | 0.00 | FA |
| 8 | 940 N. Echo Lane Washington, UT 84780 | 140,000.00 | 0.00 | OA | 0.00 | FA |
| 9 | Wells Fargo Bank Accounts (10) Accounts have zer | 0.00 | 0.00 | OA | 0.00 | FA |
| 10 | Golden 1 Credit Union Bank Account | 200.00 | 0.00 | OA | 0.00 | FA |
| 11 | Safe Credit Union Bank Account | 300.00 | 0.00 | OA | 0.00 | FA |
| 12 | Tricounties Bank Account | 300.00 | 0.00 | OA | 0.00 | FA |
| 13 | US Bank Account | 300.00 | 0.00 | OA | 0.00 | FA |
| 14 | Household Goods, Furniture, Effects Debtors' Res | 3,100.00 | 0.00 | OA | 0.00 | FA |
| 15 | Wall Frames and Pictures, Porcelains & Ceramics | 700.00 | 0.00 | OA | 0.00 | FA |
| 16 | Clothing, Shoes, Purses Debtors' Residence | 1,000.00 | 0.00 | OA | 0.00 | FA |
| 17 | Jewelry Debtors' Residence | 1,200.00 | 0.00 | OA | 0.00 | FA |
| 18 | AXA Equitable Life Insurance Policy | 2,995.98 | 0.00 | OA | 0.00 | FA |
| 19 | AXA Equitable Life Insurance Policy | 1,922.25 | 0.00 | OA | 0.00 | FA |
| 20 | AXA Equitable Life Insurance Policy   Debtor had overage on exemptions for whole and term life insurance accounts which held cash value. debtor agreed to turn over $10,000.00 to cover said overage. | 2,218.00 | 2,040.64 | | 0.00 | FA |
| 21 | AXA Equitable Life Insurance Policy | 2,669.29 | 0.00 | OA | 0.00 | FA |
| 22 | AXA Equitable Life Insurance Policy | 2,157.55 | 0.00 | OA | 0.00 | FA |
| 23 | Occidental Life Insurance   Debtor had overage in exemptions for whole and term life insurance accounts. Debtor agreed to pay the | 4,701.00 | 4,701.00 | | 10,000.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-32762  
**Case Name:** DOLLESIN, LIMWELL QUITO  
DOLLESIN, JOVITA LUISTRO  
**Period Ending:** 03/04/13

**Trustee:** (001160) John Bell  
**Filed (f) or Converted (c):** 07/10/12 (f)  
**§341(a) Meeting Date:** 08/15/12  
**Claims Bar Date:** 12/26/12

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
|  | estate $10,000.00 to cover the overage held in the cash accounts. |  |  |  |  |  |
| 24 | WRL Life Insurance Policy<br>Debtors were over exempted in three life insurance accounts which held cash proceeds. Debtor's agreed to pay the estate $10,000.00 to cover the overage. | 3,258.36 | 3,258.36 |  | 0.00 | FA |
| 25 | American Equity Investment Life Insurance IRA | 86,084.07 | 0.00 | OA | 0.00 | FA |
| 26 | Delta Dental of California 401k | 55,208.72 | 0.00 | OA | 0.00 | FA |
| 27 | United States Postal Service Civil Service Retir | 42,190.03 | 0.00 | OA | 0.00 | FA |
| 28 | Alliance Bernstein Investments Traditional IRA | 27,093.30 | 0.00 | OA | 0.00 | FA |
| 29 | 1995 Toyota Supra, 108,323 miles Debtors' Reside | 7,000.00 | 0.00 | OA | 0.00 | FA |
| 30 | 2002 Mercedes SLK320, 113,685 miles Debtors' Res | 6,000.00 | 0.00 | OA | 0.00 | FA |
| 31 | 2002 Toyota Tacoma, 90,000 miles 50% ownership w | 3,500.00 | 0.00 | OA | 0.00 | FA |
| 32 | 2006 Glastron DS215 Boat, 60 hours Debtors' Resi | 25,000.00 | 0.00 | OA | 0.00 | FA |
| 33 | Maltese-Poodle, 2 years | 0.00 | 0.00 | OA | 0.00 | FA |
| 34 | Debtor 2012 Tax Returns  (u)<br>Debtors had not completed their tax return submissions at the time of filing. Debtors were max exempt and were advised to turn over any monies refunded and subsequently $7,672.00 was recovered from Federal and State tax overage in the debtor's favor. | Unknown | 7,672.00 |  | 7,672.00 | FA |
| 34 | Assets    Totals (Excluding unknown values) | $3,379,098.55 | $17,672.00 |  | $17,672.00 | $0.00 |

**Major Activities Affecting Case Closing:**

8-29-12  Debtors are maximum exempted and there is a posibility after working with debtor counsel that the debtor's will be turning over proceeds from an insurance policy that contains approximately $5,000.00 to cover the excess owed to the estate.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-32762  
**Case Name:** DOLLESIN, LIMWELL QUITO  
DOLLESIN, JOVITA LUISTRO  
**Period Ending:** 03/04/13

**Trustee:** (001160) John Bell  
**Filed (f) or Converted (c):** 07/10/12 (f)  
**§341(a) Meeting Date:** 08/15/12  
**Claims Bar Date:** 12/26/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):** September 1, 2013    **Current Projected Date Of Final Report (TFR):** September 15, 2013

Case 12-32762    Filed 05/17/13    Doc 71

Exhibit B

Page: 1

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 12-32762  
**Case Name:** DOLLESIN, LIMWELL QUITO  
DOLLESIN, JOVITA LUISTRO  
**Taxpayer ID #:** 38-7058903  
**Period Ending:** 03/04/13

**Trustee:** John Bell (001160)  
**Bank Name:** Rabobank, N.A.  
**Account:** 5002548366 - Checking Account  
**Blanket Bond:** $100,000,000.00   (per case limit)  
**Separate Bond:** N/A

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 01/04/13 | | RABOBANK MIGRATION TRANSFER IN | RABOBANK MIGRATION | 9999-000 | 17,587.10 | | 17,587.10 |
| 01/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee Adjustment | 2600-000 | | 26.97 | 17,560.13 |
| 02/28/13 | | Rabobank, N.A. | Bank and Technology Services Fee Adjustment | 2600-000 | | 23.57 | 17,536.56 |
| | | | **ACCOUNT TOTALS** | | 17,587.10 | 50.54 | $17,536.56 |
| | | | Less: Bank Transfers | | 17,587.10 | 0.00 | |
| | | | **Subtotal** | | 0.00 | 50.54 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$0.00** | **$50.54** | |

{} Asset reference(s)

Printed: 03/04/2013 02:35 PM    V.13.11

Case 12-32762    Filed 05/17/13    Doc 71

# Form 2

## Cash Receipts And Disbursements Record

| **Case Number:** | 12-32762 | | **Trustee:** | John Bell (001160) |
|---|---|---|---|---|
| **Case Name:** | DOLLESIN, LIMWELL QUITO | | **Bank Name:** | The Bank of New York Mellon |
| | DOLLESIN, JOVITA LUISTRO | | **Account:** | 9200-99556213-66 - Checking Account |
| **Taxpayer ID #:** | 38-7058903 | | **Blanket Bond:** | $100,000,000.00   (per case limit) |
| **Period Ending:** | 03/04/13 | | **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 10/10/12 | {23} | Limwell Dollesin | Debtor's payment to the estate for overage in exemptions for whole and term lif insurance cash value accounts. | 1129-000 | 10,000.00 | | 10,000.00 |
| 10/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,975.00 |
| 11/25/12 | {34} | Limwell Dollesin | Final payment for tax return monies which could not be exempted. | 1224-000 | 7,672.00 | | 17,647.00 |
| 11/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 17,622.00 |
| 12/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 34.90 | 17,587.10 |
| 01/03/13 | | RABOBANK MIGRATION TRANSFER OUT | TRANSFER TO 0001000116088 20130103 | 9999-000 | | 17,587.10 | 0.00 |

| | | | | |
|---|---|---|---|---|
| | **ACCOUNT TOTALS** | | 17,672.00 | 17,672.00 | $0.00 |
| | Less: Bank Transfers | | 0.00 | 17,587.10 | |
| | **Subtotal** | | 17,672.00 | 84.90 | |
| | Less: Payments to Debtors | | | 0.00 | |
| | **NET Receipts / Disbursements** | | **$17,672.00** | **$84.90** | |

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **Checking # 5002548366** | 0.00 | 50.54 | 17,536.56 |
| **Checking # 9200-99556213-66** | 17,672.00 | 84.90 | 0.00 |
| | **$17,672.00** | **$135.44** | **$17,536.56** |

{} Asset reference(s)                                                                                                       Printed: 03/04/2013 02:35 PM    V.13.11

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-32762
Case Name: DOLLESIN, LIMWELL QUITO
Trustee Name: John Bell

**Balance on hand:** $ 17,536.56

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 17,536.56

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - John Bell | 2,517.20 | 0.00 | 2,517.20 |
| Trustee, Expenses - John Bell | 75.00 | 0.00 | 75.00 |

Total to be paid for chapter 7 administration expenses: $ 2,592.20
Remaining balance: $ 14,944.36

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 14,944.36

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 14,944.36

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $ 62,230.35 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 24.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions LLC | 8,941.94 | 0.00 | 2,147.37 |
| 2 | Discover Bank DB Servicing Corporation | 9,346.47 | 0.00 | 2,244.52 |
| 4 | MCT Group, Inc | 9,399.75 | 0.00 | 2,257.31 |
| 5 | Aafes/Mil Star/Exchange | 5,327.96 | 0.00 | 1,279.49 |
| 6 | American Express Bank, FSB | 1,780.84 | 0.00 | 427.66 |
| 7 | FIA Card Services, N.A. as successor to | 9,412.30 | 0.00 | 2,260.32 |
| 8 | FIA Card Services, N.A. as successor to | 13,256.19 | 0.00 | 3,183.42 |
| 11 | GE Capital Retail Bank | 4,764.90 | 0.00 | 1,144.27 |

Total to be paid for timely general unsecured claims:   $   14,944.36
Remaining balance:   $   0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims:   $   0.00
Remaining balance:   $   0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

Total to be paid for subordinated claims: $        0.00
Remaining balance: $        0.00

**UST Form 101-7-TFR (05/1/2011)**